# FULL AND FINAL RELEASE OF
## ALL CLAIMS AND SETTLEMENT AGREEMENT

This Full and Final Release of all Claims and Settlement Agreement ("**Agreement**") is made and entered into this 29th day of June 2011, by and between Restaurant Zone, Inc., Pizza Zone of Potomac, Inc., Adam G. Greenberg, and Belden G. Raymond (together, "**Pizza Zone**") and Amir Kianpour (**Employee**").

WHEREAS, Employee was employed by Pizza Zone of Potomac, Inc.;

WHEREAS, Employee resigned his employment from Pizza Zone on or about June 29, 2011.

WHEREAS, Employee has claimed that Pizza Zone failed to pay proper overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("**FLSA**"), and the Maryland Wage Payment and Collection Law ("MWPCL") MD CODE ANN., LABOR & EMPLOY. § 3-501 *et seq.*;

WHEREAS, Employee filed a complaint against Pizza Zone in the United States District Court for the District of Maryland, Case Number DKC-11-802 (the "**Lawsuit**");

WHEREAS, Pizza Zone denies all of Employee's allegations;

WHEREAS, all parties are asserting their respective contentions in good faith, and all parties realize the uncertainty and the time-consuming nature of litigation and desire to avoid spending additional time incurring additional expense in litigation; and

WHEREAS, all parties desire to enter into a compromise agreement that will terminate all disputes between them, all claims for relief, or causes of action with respect to all matters arising out of Employee's claims made in the Lawsuit and any claim reasonably related thereto;

NOW, THEREFORE, Employee and Pizza Zone hereby enter into this Agreement and voluntarily agree to the following terms and conditions in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1.   **Release.**   In consideration of the terms of this Agreement, including but not limited to the payments described herein, Employee, for himself, his attorneys, accountants, heirs, executors, agents, personal representatives, administrators, successors, and assigns, do fully release and discharge Pizza Zone and their respective affiliates, related entities, trusts, successors, assigns, and current and former directors, officers, agents, employees, attorneys, and accountants (collectively, "**Releasees**"), from all grievances, suits, causes of action, and claims of any nature whatsoever, whether known, unknown, or unforeseen, arising prior to and up to and including the Effective Date of this Agreement. This release includes, but is not limited to: (i) all allegations brought by Employee against Pizza Zone during the tenure of his employment with Pizza Zone; (ii) all allegations made in the Lawsuit against Pizza Zone by employee; (iii)

any claim related to or concerning the payment of wages; (iv) any discrimination or retaliation claims on any basis, including, but not limited to, race, color, national origin age, religion, sexual harassment, disability or handicap, sexual preference, whistle blowing, political affiliation, appearance, and marital status arising under any federal, state or local statute or ordinance, order or law, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, as amended, the Equal Pay Act, as amended, the Maryland Wage Payment and Collection Law, as amended; the Maryland Minimum Wage and Hour Law, as amended; the Family and Medical Leave Act, as amended, and the Age Discrimination in Employment Act of 1967, as amended; (v) any other contract, tort or common law claim and any other claim under any other state, local or federal statute, ordinance or law; (vi) any claim under any legal or equitable theory that Employee has or could have had prior to and up to and including the Effective Date of this Agreement; and (vii) any and all possible legal and/or equitable relief including, but not limited to, wages, overtime, back pay, front pay, benefits, reimbursement, compensatory damages, punitive damages, statutory damages, damages for pain and suffering and emotional distress, and attorneys' fees and costs.  This release specifically excludes any claim for workers compensation, but other than this specific exclusion **IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT THIS RELEASE IS A <u>GENERAL RELEASE</u>.**

2.     <u>**Claims For Attorneys' Fees.**</u>  The Release set forth in Paragraph 1 specifically includes, but is not limited to, all claims for attorneys' fees and costs asserted against the Releasees prior to the Effective Date of this Agreement.  Employee and his attorney, Melehy & Associates, LLC, accept this settlement as a full and final release of any and all claims for attorneys' fees and costs against the Releasees and represent that they are aware of no attorneys other than Melehy & Associates, LLC who are or may be entitled to assert any claim for attorneys' fees or costs with respect to Employee's allegations against the Releasees. Employee's attorneys covenant and agree not to seek to obtain or enforce any award of costs or attorneys' fees against the Releasees.

3.     <u>**Covenant Not to Sue.**</u>  Employee agrees not to file or assert any claim, charge, action or demand for arbitration against the Releasees or any other person or entity for any released claim, and further warrants and represents that other than the Lawsuit and his currently pending workers compensation claim, he has not filed any other charge or complaint, or commenced any other action in any local, state, or federal agency or court that is currently pending against Pizza Zone.

4.     <u>**Payments and Other Consideration.**</u>

(a)  Within 31 days following the Effective Date of this Agreement, Pizza Zone shall pay $9,900 to Employee, less withholdings and deductions required by law, as settlement of his claim for unpaid wages. Pizza Zone shall concurrently pay an additional $9,900 to Employee as settlement for his claim for liquidated damages. Pizza Zone will concurrently pay a lump sum amount of $13,200 to Melehy & Associates, LLC as payment of attorneys' fees.

(b)  If any taxing authority later determines that additional withholdings are

2

required from any payment to Employee set forth in Section 4 (a), and that appropriate or required taxes have not been withheld, Employee agrees to indemnify, defend and hold harmless Pizza Zone from all claims, liabilities, assessments and penalties relating in any way to such withholding or non-withholding of taxes, except for any employer's share of FICA found due.

(c)  The settlement checks must be cashed within ninety calendar days after issuance.  If Employee fails to cash his checks within the 90-day period, the checks will be void, a stop-pay notice will be placed, and the settlement proceeds shall revert to Pizza Zone.

(d)  Employee acknowledges and understands that the United States District Court for the District of Maryland must approve this Agreement before the release of his claims under the FLSA become final and binding.  Within fourteen (14) days of the execution of this Agreement, Pizza Zone shall move for an order permitting the parties to file all Court papers associated with the Settlement under seal.  Employee will not oppose such motion, and the settlement is not contingent upon such motion being granted.  Within seven (7) days of the Court's entry of an order ruling on Pizza Zone's unopposed motion to seal, the parties shall jointly file a motion seeking Court approval of this Agreement.  Employee consents to the Joint Motion to Approve Settlement Agreement (Attached as Exhibit A), to be filed under seal. Employee consents to the Court's approval of this Agreement.  Employee agrees and understands that the payments required by this Paragraph 4 above will not be made until and unless the Court approves this Agreement.  In the event the Court does not approve this Agreement, the entire Agreement shall be null and void and no payment shall be made to Employee or to Melehy & Associates, LLC.  If the Court does approve this Agreement, all of the terms and provisions herein shall be effective the date the Court's approval is issued (the "**Effective Date**"), except that the terms of Paragraphs 5 and 6 shall be effective as of the date this Agreement is executed by Employee.

5.   **Covenant of Confidentiality.**

(a)  Employee agrees not to disclose to or discuss with any third party any of his allegations concerning his employment with Pizza Zone, including without limit all allegations:

(i)  communicated by Employee or his counsel to Pizza Zone and/or their counsel; and

(ii)  in the Lawsuit.

(b)  Employee further agrees not to disclose to or discuss with any third party either the existence or terms of this Agreement or the negotiations leading up to this Agreement. Employee and his attorneys represent and warrant that they have not disclosed to or discussed with any third party the negotiations leading up to this Agreement on or before the Effective Date of this Agreement.

(c)  Employee may disclose facts covered by Paragraph 5(b) to his attorneys, tax preparers, accountants and/or financial advisors, the Internal Revenue Service or other taxing

3

authority, to the extent mandated by judicial action or federal or state regulation, or as otherwise required by law. Employee shall ensure that their agents, including, but not limited to, counsel, accountants, tax advisors, and immediate family, are aware of and comply with this confidentiality provision, and Employee assumes the risk of and shall be accountable for any breach of this confidentiality provision occasioned by any act or omission by his agent(s).

(d)     If Employee is subpoenaed for any reason reasonably related to the claims brought in the Lawsuit, the Employee shall provide Pizza Zone with notice of the subpoena within five days of receipt of the subpoena, and at least five days prior to any requested production of documents or testimony, and shall cooperate if Pizza Zone elects to contest the disclosure required by the subpoena.

(e)     This Agreement shall not be offered into evidence by any party hereto in any action or proceeding in any court, arbitration, administrative agency or other tribunal for any purpose whatsoever other than to carry out or enforce the provisions of this Agreement.

(f)     In the event that Employee is questioned or receives any inquiry as to the status or disposition of any dispute he had with Pizza Zone, he may state that he entered into a settlement agreement, the terms of which were and are confidential. Employee shall not volunteer such information without inquiry having been made and shall not take any steps, directly or indirectly, to suggest to anyone that the inquiry be made.

6.     **Non-Assistance.**  Employee agrees that he will not voluntarily aid or assist in any capacity whatsoever any other employee, former employee or other individual or entity in the pursuit of any claims, actions or proceedings against any of the Releasees, except in response to valid compulsory legal process.

7.     **Non-Admission.**  Employee acknowledges and agrees that neither the execution of this Agreement nor any of the terms contained in this Agreement, including, but not limited to, the payments and other consideration set forth herein, shall be construed or interpreted as an admission by Pizza Zone of liability or wrongdoing. Pizza Zone expressly denies any liability and states that they have entered into this Agreement solely for the purpose of compromising any and all claims, without the cost and burden of further negotiations, mediation, or possible litigation.

8.     **No Future Employment.**  Employee agrees that he will not, at any time after execution of this Agreement, apply for or in any way seek employment with Pizza Zone or any other related or affiliated entity, in any capacity whatsoever.

9.     **Future Job Reference.**  All requests for reference must be directed to Adam Greenberg at 301-983-9700 or adam@potomacpizza.com. In response to such requests, Mr. Greenberg shall provide information consistent with Exhibit 1. Additionally, if a potential employer contacts Mr. Greenburg he shall not willfully disparage Employee or willfully cause any statement to be made that disparages Employee.

10.     **Enforcement and Remedies.**

4

a.    Subject to Paragraph 10(b) below, all disputes concerning (a) an alleged violation of any term of this Agreement, or (b) any claim Employee may assert against any of the Releasees that he contends is not subject to the releases in Paragraph 1 of this Agreement, shall be submitted to final and binding confidential arbitration to the exclusion of all other avenues of relief and adjudicated pursuant to the American Arbitration Association's ("AAA") Rules for Employment Disputes then in effect, except that the parties to such arbitration shall be entitled to engage in pre-hearing discovery, to the extent permitted by and according to the provisions of the Federal Rules of Civil Procedure. All submissions to and proceedings before the arbitrator and/or the AAA shall be conducted in strict confidence and all hearings shall be held in Montgomery County, Maryland. The decision of the arbitrator shall be in writing and shall be final and binding on the parties, and judgment may be entered on the arbitrator's award in any court having jurisdiction thereof. It is expressly agreed that the arbitrator shall have the authority to award both legal and equitable relief, including temporary or preliminary injunctive relief. Any action or petition to vacate or modify the arbitrator's award, or to enforce the arbitrator's award, must be filed under seal in a court of competent jurisdiction. In any legal action involving a breach of Paragraphs 1, 3, 5 or 6 the substantially prevailing party shall be entitled to payment of its reasonable attorney's fees and costs, in accordance with applicable law.

b.    Employee expressly acknowledges and agrees that each of the terms and representations contained Paragraphs 1, 3, 5, and 6 of this Agreement are a substantial and material provision of this Agreement and that agreement to each of those terms/representations is a material inducement for Pizza Zone to enter into this Agreement. Employee further expressly agrees that a breach of any of the terms or representations of Paragraphs 1, 3, 5, or 6 will provide a proper basis for an arbitration action by Pizza Zone for breach of contract.

11.    **Entire Agreement.**  This Agreement sets forth the entire agreement of the parties with respect to the subject matter herein and may not be released, discharged, abandoned, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing signed by each of the parties hereto. The parties agree that the premises set forth as the introductory "Whereas" clauses to this Agreement are integral, material and substantive provisions of this Agreement, and are hereby incorporated into this Agreement by this reference.

12.    **Counterparts.**  This Agreement may be executed in counterparts, and execution in such manner shall in no way affect or alter the validity of this Agreement or the rights and responsibilities of the parties thereto.

13.    **Governing Law.**  This Agreement shall be governed by the laws of the State of Maryland, without regard to conflict of laws principles.

14.    **Validity.**  If any provision of this Agreement is held to be invalid, void or unenforceable, in whole or in part, the remaining provisions of this Agreement shall not be affected thereby and shall continue in full force and effect.

15.    **No Presumption.**  All parties acknowledge that they have had a full opportunity to review drafts of this Agreement and to make changes thereto, and in the event that an ambiguity or question of intent or interpretation arises as to this Agreement, no presumption or

5

burden of proof shall apply favoring or disfavoring any party by virtue of authorship of any of the provisions of this Agreement.

16. **Notice.** All notices required under this Agreement shall be sent concurrently by certified mail and email as follows:

If to an Employee, notice shall be sent to:

> Michael K. Amster, Esq.
> Melehy & Associates, LLC
> 8403 Colesville Road Suite 610
> Silver Spring, MD 20910
> Email: mamster@melehylaw.com

If to Pizza Zone, notice shall be sent to:

> Meredith S. Campbell, Esq.
> Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
> 12505 Park Potomac Avenue, 6th Floor
> Potomac, MD 20854
> Email: mcampbell@shulmanrogers.com

In the event that any of the information set forth in this Paragraph shall change, the parties agree that each shall provide prompt notice of any such change(s) to all parties and that any and all subsequent notices should reflect any such change, without the need of any additional, formal written modification to this Agreement as provided for in Paragraph 11.

17. **Acknowledgement.**

(a) Employee has consulted an attorney of his own choosing prior to entering into this Agreement. Employee acknowledges that he has carefully read and fully understands the provisions of this Agreement and is executing this Agreement freely, knowingly and voluntarily.

(b) Employee further acknowledges that: (i) Employee can take up to twenty-one (21) days to consider the meaning and effect of this Agreement; (ii) Employee has been advised to consult with an attorney prior to executing this Agreement; (iii) any portion of this Agreement pertaining specifically to claims and rights under the Age Discrimination in Employment Act of 1967, as amended, does not cover any claims and rights, if any, that may arise after the date on which this Agreement is executed; (iv) the payments extended to Employee under the terms of this Agreement are in addition to anything of value to which Employee already is entitled; and (v) Employee may revoke this Agreement for a period of seven (7) calendar days following the date on which Employee executes this Agreement by providing written notice by email to Meredith Campbell as set forth in Paragraph 16. Any revocation within this period must state "I hereby revoke my

6

acceptance of your Severance Agreement and Release." This Agreement will not become effective or enforceable until this revocation period has expired without timely revocation.

_____
Amir Kianpour

06/29/11
Date

Melehy & Associates

By: _____

6/29/11
Date

Title: _____

Restaurant Zone, Inc.

By: _____

7/5/11
Date

Title: _____

Pizza Zone of Potomac, Inc.

By: _____

7/5/11
Date

Title: _____

Adam G. Greenberg

By: _____

7/5/11
Date

Title: _____

Belden G. Raymond

By: _____

7/5/11
Date

7

Title:_____V.P._____

8

## EXHIBIT 2

a.  In response to any general request for information, Greenberg will confirm the language below:

Amir Kianpour worked for Pizza Zone of Potomac, Inc. as a Delivery Manager from December 2002 until June 2011. His responsibilities included hiring, training, scheduling, supervising and disciplining other delivery drivers.

During his time at Pizza Zone, Mr. Kianpour had an amazing and positive impact on customer service in our flagship restaurant. Before he began working at Pizza Zone, we only offered delivery in the evenings and on weekends. Kianpour nurtured the daytime deliveries by increasing our total deliveries and the percentage of deliveries as compared with the overall business.

Amir was highly respected by his co-workers for his willingness to help anyone, anytime. His dedication to his job was without equal, as demonstrated by him working seven days a week for over seven years. I am sorry to have lost one of my best employees, and wish him well in his future endeavors.

---

b.  In response to any specific request to such relevant information:

Greenberg will confirm that Kianpour was a good employee, he left on good terms and was not terminated, and that if he applied he would be eligible for rehire.