IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMIR KIANPOUR
:
:
:
v. : Civil Action No. DKC 11-0802
:
RESTAURANT ZONE, INC., et al.
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment dispute is the parties' joint motion to seal. (ECF No. 10). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

I.  **Background**

On March 28, 2011, Plaintiff Amir Kianpour commenced this action against Restaurant Zone, Inc., Pizza Zone of Potomac, Inc., Adam G. Greenberg, and Belden G. Raymond, by filing a complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Maryland Wage Payment Collection Law, Md. Code Ann., Labor & Empl. §§ 3-501, *et seq*. (ECF No. 1). Plaintiff asserts that he was not paid overtime wages for hours worked in excess of forty per week during the time he was employed by Defendants.

The parties subsequently reached an agreement to settle the case and, on June 30, 2011, they jointly filed the pending motion to seal a joint motion for approval of settlement (ECF No. 10), which they separately filed under seal on July 6 (ECF No. 11).

**II. Standard of Review**

A motion to seal must comply with Local Rule 105.11, which provides, in relevant part, that "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." There is a well-established common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

**III. Analysis**

It may sometimes be true, as the parties observe, that documents related to a settlement are kept confidential and may appropriately be filed under seal. Documents related to the settlement of FLSA claims, however, are different. The reason

2

for this stems from the fact that an FLSA settlement requires approval of either the Department of Labor or a court. *See* 29 U.S.C. § 216(c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). Where, as here, court approval is sought, "the approval process is a judicial act" and "[a]ny document reflecting the terms of the settlement and submitted to the [c]ourt is a 'judicial document' to which the presumption of access likely applies." *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 644 (S.D.N.Y. 2011) (quoting *Lin v. Comprehensive Health Management, Inc.*, No. 08 Civ. 6519(PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009)); *see also Baker v. Dolgencorp, Inc.*, --- F.Supp.2d ----, 2011 WL 166257, at *2 (E.D.Va. 2011) ("an FLSA settlement agreement, submitted to a court for judicial approval, is a judicial record that triggers the common law right of public access"); *Boone v. City of Suffolk, Va.*, 79 F.Supp.2d 603, 609 (E.D.Va. 1999) (unsealing FLSA settlement agreement upon finding it is a judicial document to which presumption of access applies).

Courts have generally identified two bases supporting public access to settlement agreements in FLSA cases:

> First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement. *Jessup* [*v. Luther*, 277 F.3d 926, 928-29 (7th Cir. 2002)]; *Boone*, 79 F.Supp.2d at 609. Second is the "private-public character" of

3

> employee rights under the FLSA, whereby the public has an "independent interest in assuring that employees wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker* [*v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D.Ala. 2003)] (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 709, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)). Thus, "'there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view,'" and this Court finds that the settlement agreement presented here is a judicial document to which the presumption attaches. *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, MDL No.2039, 2009 U.S. Dist. LEXIS 97791, at *4, 2009 WL 3253947 (D.Ariz. Oct. 8, 2009) (quoting *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 U.S. Dist. LEXIS 98795, at *28, 2008 WL 5140045 (S.D.Tex. Dec. 8, 2008)).

*Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010).

In support of their motion, the parties have cited three unpublished decisions in which courts have permitted FLSA settlements to be filed under seal. Two of those cases, however, do no more than cite the fact that settlement-related documents were filed under seal, without any substantive discussion of the relevant issues. *See, e.g., Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D.Ohio Mar. 8, 2010) (noting, in passing, that "[b]oth the Joint Motion [for approval of settlement] and the proposed Settlement were filed under seal"). While one of the cases

4

apparently permitted an FLSA settlement agreement to be filed under seal because "materials related to settlement discussions and documents 'do not carry a presumption of public access,'" (ECF No. 10-1, at 3 (quoting *Viada v. Osaka Health Spa, Inc.*, No. 1:04-cv-2744, ECF No. 162, at 2 (S.D.N.Y. June 27, 2006)), that finding is contrary to the vast majority of more recent decisions addressing the issue and the court declines to follow it.

In further support of their motion, the parties assert that Defendants "have a legitimate interest in keeping confidential Pizza Zone employee salary information . . . which could be derived from the settlement agreement" and cite Defendants' interest in "protecting themselves from potentially being targeted for further litigation." (ECF No. 10-1, at 4). The only salary information that would be made public, however, is that of the plaintiff in this case, and that information is set forth in ample detail in the complaint, which has been publicly available since March 28, 2011. (ECF No. 1 ¶¶ 12-18). Moreover, while Defendants may hope that additional employees do not discover that they have not been paid the wages to which they might be entitled under federal law, their argument in this regard does not support sealing the motion to approve settlement documents.

As the parties have failed to rebut the presumption that the motion to approve settlement should be accessible to the public, their motion to seal will be denied. As provided in Local Rule 105.11, the sealed documents may be withdrawn by the parties within fourteen days. If they are not, they will be unsealed.

## IV. Conclusion

For the foregoing reasons, the parties' motion to seal will be denied. A separate order will follow.

```
        /s/
DEBORAH K. CHASANOW
United States District Judge
```